

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

Writer's Direct Dial: (212) 416-8559

June 8, 2026

**VIA ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St., Courtroom 218
White Plains, NY 10601

      Re:    *Dominican Sisters of Hawthorne et al. v. Hochul et al.*, No. 26-cv-02809 (NSR)

Dear Judge Román:

This office represents Defendants Governor Kathy Hochul, New York State Health Commissioner James V. McDonald, and New York State Department of Health ("DOH") employees Kristen M. Pergolino, Kelly Ann Anderson, and Stephanie E. Paton in the above-captioned action. The parties write jointly to respectfully request that the Court "so-order" this letter, which memorializes an agreement the parties have reached.

In this action, Plaintiffs Dominican Sisters of Hawthorne ("Dominican Sisters") and Servants of Relief for Incurable Cancer dba Rosary Hill Home ("Rosary Hill Home") seek to have this Court declare New York's Lesbian, Gay, Bisexual and Transgender, and People Living with HIV Long-Term Care Facility Residents' Bill of Rights, N.Y. Pub. Health Law § 2803-c-2 ("Residents' Bill of Rights") unconstitutional as applied to Plaintiffs and permanently enjoin its enforcement against them. *See* ECF No. 1 (Complaint). Defendants' deadline to answer, move, or otherwise respond to the Complaint is June 11, 2026, although Defendants seek an extension of that deadline to July 2, 2026, as set forth below. *See* ECF No. 24 (Order).

On May 14, 2026, Plaintiffs informed Defendants of their intent to move for a preliminary injunction. The parties subsequently conferred and reached the following agreement. The term of this agreement is from today until the Court's resolution of Defendants' anticipated Fed. R. Civ. P. 12(b) motion to dismiss or, if it is denied in whole or in part, until the Court's resolution of a party's summary judgment motion, including any such motion by Plaintiffs ("Covered Period"). During the Covered Period, Defendants shall not enforce, or take any adverse action with respect to certifications or licensures based on violations of, N.Y. Pub. Health Law § 2803-c-2, subsections 2(a)(ii), 2(a)(iii), 2(a)(iv), 2(a)(v), 3, and 7 ("Covered

Hon. Nelson S. Román                                                      Page 2 of 2
June 8, 2026

Provisions"),[1] against Plaintiff Rosary Hill Home, a "long-term care facility," or against its "facility staff," as those terms are defined in N.Y. Pub. Health Law § 2803-c-2(1)(b)-(c), to the extent that each has obligations under the Covered Provisions, nor will Defendants contact Rosary Hill Home or its facility staff for information or interviews related to any DOH investigation regarding compliance with the Covered Provisions ("Covered Enforcement Actions"). Plaintiffs will defer filing any motion for preliminary injunction or temporary restraining order during the Covered Period so long as Defendants refrain from the Covered Enforcement Actions.

The agreement not to enforce the Covered Provisions during the Covered Period does not constitute an exemption from the Residents' Bill of Rights or a recognition of the availability of any exemption under that law. Nor does it constitute a determination of whether any federal constitutional provision requires an exemption from that law.

Additionally, the parties have agreed, subject to the Court's approval, that Defendants' deadline to answer, move, or otherwise respond to the Complaint should be extended from June 11, to July 2, 2026. This extension will allow time for counsel to continue analyzing the various complex constitutional claims Plaintiffs have raised now that the preliminary injunction motion has been deferred. This is Defendants' second request for an extension of time to respond to the Complaint. Plaintiffs consented to Defendants' first request for an additional 30 days, which the Court granted.

Both parties have reviewed and consented to the foregoing terms and respectfully request that the Court adopt the parties' agreement by "so ordering" it.

The parties thank the Court for its assistance in this matter.

Respectfully submitted,

/s/ Julia Busetti
Julia Busetti
Assistant Attorney General

Cc:    All Counsel of Record (via ECF)

---

[1] In so agreeing, Defendants do not concede that Governor Kathy Hochul has any enforcement role with respect to the Residents' Bill of Rights.