**U.S. Department of Justice**

Civil Rights Division

_Office of the Assistant Attorney General_
_950 Pennsylvania Ave, NW - RFK_
_Washington, DC  20530_

June 18, 2026

The Honorable Nelson S. Román
United States District Judge for the Southern District of New York
Charles L. Brieant Jr. Federal Building & U.S. Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

Re:   _**Dominican Sisters of Hawthorne et al v. Hochul et al**_
       **Case No. 7:26-cv-02809-NSR-VR**
       **Request for Pre-Motion Conference on Intended Motion to Intervene**

Dear Judge Román:

We submit this letter pursuant to your Individual Rule 3(A)(ii) in order to request a pre-motion conference with respect to a Motion to Intervene that the United States intends to file.

Section 902 of the 1964 Civil Rights Act grants United States an unconditional right to intervene in any case "[w]henever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin," and the "Attorney General certifies that the case is of general public importance."  42 U.S.C. § 2000h-2.  Once these statutory prerequisites are met, the "right to intervention by the United States . . . is an absolute and not a permissive one." _Spangler v. United States_, 415 F.2d 1242, 1244 (9th Cir. 1969).

The above-captioned case alleges a violation of the Equal Protection Clause, _see_ ECF 1, ¶¶102-106, and the Attorney General has certified this cases as of "general public importance," _see_ Exh. 1.  Accordingly, the United States seeks to submit a Complaint-in-Intervention as of right, alleging .  42 U.S.C. § 2000h-2.  The proposed single count Complaint-in-Intervention will allege that Defendants have engaged in unlawful discrimination on the basis of religion in violation of U.S. Const. Amend. XIV, § 1.

The proposed motion meets all of the requirements of Fed. R. Civ. P. 24(a)(1), (a)(2), and (b).  The motion is timely, as Defendants have not yet filed an answer or a motion to dismiss.  (Defendants' response is currently due on July 2, 2026. _See_ ECF 26).  Therefore, the granting of the motion will not cause delay or prejudice to any of the parties.

Plaintiffs consent to the proposed intervention, and Defendants, after reviewing the proposed Motion, Memorandum in support of same, the proposed Complaint-in-Intervention, and the Certificate of the Attorney General, have stated that they "will not oppose the proposed motion to intervene as it has been presented," but "reserve all rights to object to any additional causes of action raised in this or any future filing."

Accordingly, and for reasons stated, United States respectfully requests that the Court schedule a pre-motion conference on the United States' proposed Motion to Intervene.

Respectfully submitted,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

By:    */ s / Gregory Dolin*
Gregory Dolin
Senior Counsel
Civil Rights Division

cc:    All counsel of record (via ECF)

***Dominican Sisters of Hawthorne et al v. Hochul et al***
**Case No. 7:26-cv-02809-NSR-VR**
Page Two