USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/2026



**U.S. Department of Justice**

Civil Rights Division

*Office of the Assistant Attorney General*
*950 Pennsylvania Ave, NW - RFK*
*Washington, DC  20530*

June 18, 2026

The Honorable Nelson S. Román
United States District Judge for the Southern District of New York
Charles L. Brieant Jr. Federal Building & U.S. Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

**Re:**   ***Dominican Sisters of Hawthorne et al v. Hochul et al***
**Case No. 7:26-cv-02809-NSR-VR**
**Request for Pre-Motion Conference on Intended Motion to Intervene**

Dear Judge Román:

We submit this letter pursuant to your Individual Rule 3(A)(ii) in order to request a pre-motion conference with respect to a Motion to Intervene that the United States intends to file.

Section 902 of the 1964 Civil Rights Act grants United States an unconditional right to intervene in any case "[w]henever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin," and the "Attorney General certifies that the case is of general public importance."  42 U.S.C. § 2000h-2.  Once these statutory prerequisites are met, the "right to intervention by the United States . . . is an absolute and not a permissive one." *Spangler v. United States*, 415 F.2d 1242, 1244 (9th Cir. 1969).

The above-captioned case alleges a violation of the Equal Protection Clause, *see* ECF 1, ¶¶102-106, and the Attorney General has certified this cases as of "general public importance," *see* Exh. 1.  Accordingly, the United States seeks to submit a Complaint-in-Intervention as of right, alleging .  42 U.S.C. § 2000h-2.  The proposed single count Complaint-in-Intervention will allege that Defendants have engaged in unlawful discrimination on the basis of religion in violation of U.S. Const. Amend. XIV, § 1.

The proposed motion meets all of the requirements of Fed. R. Civ. P. 24(a)(1), (a)(2), and (b).  The motion is timely, as Defendants have not yet filed an answer or a motion to dismiss.  (Defendants' response is currently due on July 2, 2026.  *See* ECF 26).  Therefore, the granting of the motion will not cause delay or prejudice to any of the parties.

(see p. 2)

MEMO ENDORSED

Plaintiffs consent to the proposed intervention, and Defendants, after reviewing the proposed Motion, Memorandum in support of same, the proposed Complaint-in-Intervention, and the Certificate of the Attorney General, have stated that they "will not oppose the proposed motion to intervene as it has been presented," but "reserve all rights to object to any additional causes of action raised in this or any future filing."

Accordingly, and for reasons stated, United States respectfully requests that the Court schedule a pre-motion conference on the United States' proposed Motion to Intervene.

Respectfully submitted,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

By:    / s / Gregory Dolin
Gregory Dolin
Senior Counsel
Civil Rights Division

cc:    All counsel of record (via ECF)

**The Court waives the pre-motion conference requirement and sets the following briefing schedule for Intervenor Plaintiff USA's motion to intervene:**

**(1) USA's moving papers are to be served (not filed) on or before June 26, 2026;**
**(2) Defendants' opposition papers, if any, are to be served (not filed) on or before July 3, 2026; and**
**(3) USA's reply papers, if any, are to be served and filed on or before July 10, 2026.**

**All motion papers are to be filed on the reply date, July 10, 2026. The parties are directed to mail two hard copies of their papers to Chambers as they are served.**

SO ORDERED:

**Date: June 19, 2026**
**White Plains, New York**

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

*Dominican Sisters of Hawthorne et al v. Hochul et al*
**Case No. 7:26-cv-02809-NSR-VR**
Page Two