

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

August 3, 2026

**<u>VIA ECF</u>**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St., Courtroom 218
White Plains, NY 10601

Re:  *Dominican Sisters of Hawthorne et al. v. Hochul et al.*, No. 26-cv-02809 (NSR)

Dear Judge Román:

This office represents Defendants Governor Kathy Hochul ("Governor"), New York State Health Commissioner James V. McDonald, and New York State Department of Health ("DOH") employees Kristen M. Pergolino, Kelly Ann Anderson, and Stephanie E. Paton (collectively, "Defendants"), in the above-captioned action. Defendants respectfully write, in accordance with Your Honor's Individual Rule 3.A.ii., in anticipation of their motion to dismiss the Intervenor Complaint of the United States of America ("USA") under Federal Rules of Civil Procedure 12(b)(1) and (6).[1]

<u>Background and Allegations</u>

Since May 2024, New York's Lesbian, Gay, Bisexual and Transgender, and People Living with HIV Long-Term Care Facility Residents' Bill of Rights ("Residents' Bill of Rights"), N.Y. Pub. Health Law § 2803-c-2, has protected residents of long-term care facilities from discrimination based on actual or perceived sexual orientation, gender identity or expression, or HIV status. In this pre-enforcement action, Plaintiffs Dominican Sisters of Hawthorne and Servants of Relief for Incurable Cancer d/b/a Rosary Hill Home seek to have the Residents' Bill of Rights declared unconstitutional as applied to them and to permanently enjoin its enforcement against them. Plaintiffs bring claims under 42 U.S.C. § 1983 for alleged violations of, *inter alia*, the Fourteenth Amendment's Equal Protection Clause and the First Amendment's Free Exercise Clause. On July 13, 2026, the USA filed a Complaint in Intervention for Declaratory and Injunctive Relief ("Intervenor Complaint" or "Int. Compl.") pursuant to 42 U.S.C. § 2000h-2, which allows the USA to intervene in an action seeking relief from the denial of equal protection under the Fourteenth Amendment. ECF No. 38 (Int. Compl. ¶ 5).

The USA alleges one count of unlawful discrimination based on religion, in violation of the Fourteenth Amendment. Int. Compl. ¶¶ 40-54. As set forth herein, the Intervenor Complaint must

---

[1] Defendants request that the Court set the same briefing schedule for the motion proposed herein as for Defendants' proposed motion to dismiss Plaintiffs' Complaint. *See* ECF No. 31 (Defendants' Pre-Motion Letter).

Hon. Nelson S. Román                                                                                    Page 2 of 3
August 3, 2026

be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

<u>Basis for the Anticipated Motion to Dismiss</u>[2]

I.        The Intervenor Complaint Fails to State an Equal Protection Clause Claim

The USA fails to state a Fourteenth Amendment claim of religious discrimination. The USA first alleges that the Residents' Bill of Rights "is facially discriminatory because New York subjects practitioners of different religions to different regulatory regimes."[3] Int. Compl. ¶ 43. On the contrary, the Residents' Bill of Rights, on its face, imposes the same requirements on all covered facilities and makes no classification based on religion. Although the USA points to the general exclusion of non-medical religious facilities from regulation under Article 28 of New York's Public Health Law, concerning the regulation of hospitals and related services (Int. Compl. ¶ 36), the USA does not actually challenge Article 28's applicability to Rosary Hill Home, a skilled nursing facility employing certified nurse aides (Int. Compl. ¶¶ 12, 18). In any event, the exclusion in Section 2801(1) of non-medical facilities relying on "prayer alone for healing" from the scope of Article 28 does not warrant strict scrutiny. Akin to the Intervenor Complaint's characterization of the Residents' Bill of Rights, a facility that "relies completely on Christian Science for healing" is not covered under Article 28, while "[i]n contrast, facilities that rely on medical *and* spiritual means of care, including at Rosary Hill Home, are covered." Int. Compl. ¶¶ 37-38 (emphasis in original). Thus, the relevant distinction is whether a facility provides medical care—not a distinction based on religion. Even if the USA was challenging Article 28's application to Plaintiffs, the exclusion of non-medical facilities from DOH's oversight of hospitals under the Public Health Law easily satisfies rational basis review.

The USA also alleges that the Residents' Bill of Rights is "facially discriminatory because New York treats religious objections to the [Residents' Bill of Rights] less deferentially than secular objections." Int. Compl. ¶ 47. This is not an accurate characterization of the statute. The Residents' Bill of Rights directs that certain of its prohibitions on enumerated forms of discriminatory conduct "shall not apply to the extent that they are incompatible with any professionally reasonable clinical judgment that is based on articulable facts of clinical significance." § 2803-c-2(b). Neither religious nor secular "objections" to the law on the parts of facilities or staff are permitted under this provision. To the extent that there is a distinction between clinical contraindications and all other reasons for noncompliance, this simply places all objections not based on clinical judgment on equal footing, which is not violative of the equal protection clause. *See Zucht v. King*, 260 U.S. 174, 176-77 (1922) (upholding school vaccination mandate against Equal Protection Clause challenge and holding "[a] long line of decisions by this court had also settled that in the exercise of the police power reasonable classification may be freely applied, and that regulation is not violative of the equal protection clause merely because it is not all-embracing.").[4] Limiting exceptions to those based on clinical judgment is rationally related to the State's interests in both safeguarding the health of

---

[2] Defendants have abridged their arguments to comply with the page limitations of Your Honor's Individual Rules and respectfully reserve the right to make additional arguments if permitted to file a dispositive motion.

[3] Despite the USA's reference to a facial deficiency, it seeks only the same as-applied relief as Plaintiffs. *See* Int. Compl. p.12.

[4] Unless otherwise indicated, this letter omits internal quotation marks, alterations, and citations when quoting text from court decisions.

Hon. Nelson S. Román                                                          Page 3 of 3
August 3, 2026

residents and protecting vulnerable long-term care residents from discrimination, isolation, and abuse at the hands of facilities and staff. *See* New York Sponsors Memorandum, 2024 S.B. 1783; *see also We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 153 (2d Cir. 2023) ("[E]xempting a student from the vaccination requirement because of a medical condition and exempting a student who declines to be vaccinated for religious reasons are not comparable in relation to the State's interest" in promoting health and safety).

Insofar as the USA argues that strict scrutiny is required because the Residents' Bill of Rights "interferes with the Dominican Sisters' freedom to exercise their religion," the Second Circuit in *We The Patriots* rejected just such an attempt by the plaintiffs to make an end run around the Free Exercise analysis in an effort to assert an Equal Protection claim. *See* 76 F.4th at 158 (rejecting "Plaintiffs' attempt to argue that they need only demonstrate a burden on a fundamental constitutional right, rather than plead a Free Exercise Clause claim under the applicable tests"). Here, the USA pleads only an Equal Protection cause of action under its limited statutory right to intervene on that basis, and its attempt to advance the same theory rejected in *We The Patriots* is unavailing. In any event, as discussed in Defendants' pre-motion letter in anticipation of their motion to dismiss Plaintiffs' Complaint, the Residents' Bill of Rights is a neutral and generally applicable statute that easily passes rational basis review under the Free Exercise analysis. ECF. No. 31 (Defendants' Pre-Motion Letter at 2-3).

II.    The Intervenor Complaint Must be Dismissed as to Governor Hochul Because the Claims Against Her Are Barred by Sovereign Immunity

The Intervenor Complaint must be dismissed as against the Governor. The USA fails to allege that she has any connection with the enforcement of the Residents' Bill of Rights beyond being generally "responsible for the execution and enforcement of the laws of the State of New York, including" this one. *See* Int. Compl. ¶ 13. This is insufficient. *E.g., Romeu v. Cohen*, 121 F. Supp. 2d 264 (S.D.N.Y. 2000) (holding Governor's general duty to "take care that the laws are faithfully executed" insufficient to render him a proper party in challenge to state law) *aff'd*, 265 F.3d 118 (2d Cir. 2001); *Wang v. Pataki*, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001) (same); *see also Ex parte Young*, 209 U.S. 123, 157 (1908) ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act . . . .").

Accordingly, Defendants respectfully request a pre-motion conference to discuss the basis of their proposed motion to dismiss, or in the alternative, request that the Court set a briefing schedule to permit their motion.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/Julia Busetti
Julia Busetti
Assistant Attorney General
(212) 416-8559

Cc:    All Counsel of Record (via ECF)