USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2026

**MEMORANDUM ENDORSEMENT**

Dominican Sisters of Hawthorne et al. v. Hochul et al.

7:26-cv-02809 (NSR)

The Court is in receipt of the Defendant's letter dated September 11, 2026. The parties' request to stay the briefing schedule for Defendants' anticipated motion to dismiss is denied without prejudice. The Court has reviewed the docket and notes that no discovery has taken place in this action. Accordingly, it is unclear on what basis Plaintiffs seek to move for summary judgement at this juncture.

The parties are directed to submit a letter outlining the basis for Plaintiffs' proposed motion for summary judgement and explaining why discovery is not warranted before such a motion is filed.

The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 46, 48.

Dated: September 16, 2026
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

September 11, 2026

**VIA ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St., Courtroom 218
White Plains, NY 10601

Re: *Dominican Sisters of Hawthorne et al. v. Hochul et al.*, No. 26-cv-02809 (NSR)

Dear Judge Román:

This office represents Defendants Governor Kathy Hochul, Attorney General Letitia James, New York State Health Commissioner James V. McDonald, and New York State Department of Health ("DOH") employees Kristen M. Pergolino, Kelly Ann Anderson, and Stephanie E. Paton in the above-captioned action. The parties write jointly to respectfully request that the Court "so-order" this letter, which memorializes an agreement they have reached. Additionally, as set forth below, the parties request to stay the briefing schedule for Defendants' motion to dismiss until after the resolution of Plaintiffs' request for leave to move to summary judgment.

Plaintiffs Dominican Sisters of Hawthorne and Servants of Relief for Incurable Cancer dba Rosary Hill Home commenced this constitutional challenge to New York's Lesbian, Gay, Bisexual and Transgender, and People Living with HIV Long-Term Care Facility Residents' Bill of Rights, N.Y. Pub. Health Law § 2803-c-2 ("Residents' Bill of Rights") on April 6, 2026. *See* ECF No. 1 (Complaint). Thereafter, the parties agreed to a stay of enforcement of the Residents Bill of Rights according to the terms set forth in their June 8, 2026 letter, which the Court so-ordered on June 10, 2026. ECF Nos. 25-27. The Court subsequently granted Defendants' request to file a consolidated motion to dismiss the Complaint and the Intervenor Complaint of Plaintiff-Intervenor the United States of America ("USA"), with such motion due to be served on September 14, 2026. ECF Nos. 42 and 44.

On August 31, 2026, Plaintiffs filed the Amended Complaint, *inter alia*, adding as Plaintiffs Missionary Sisters of St. Benedict, Inc., and Missionary Sisters of St. Benedict Home for the Aged, Inc. dba St. Joseph's Home for the Aged. ECF No. 45. On the same date, Plaintiffs informed Defendants of their intent to move for emergency injunctive relief on behalf of the new Plaintiffs. The parties subsequently conferred and reached the following agreement. The term of this agreement is from September 3, 2026 until the Court's resolution of Defendants' anticipated Fed. R. Civ. P. 12(b) motion to dismiss or, if it is denied in whole or in part, until the Court's

resolution of a party's summary judgment motion, including any such motion by Plaintiffs ("Covered Period"). During the Covered Period, Defendants shall not enforce, or take any adverse action with respect to certifications or licensures based on violations of, N.Y. Pub. Health Law § 2803-c-2, subsections 2(a)(ii), 2(a)(iii), 2(a)(iv), 2(a)(v), 3, and 7 ("Covered Provisions"),[1] against Plaintiff St. Joseph's Home for the Aged, a "long-term care facility," or against its "facility staff," as those terms are defined in N.Y. Pub. Health Law § 2803-c-2(1)(b)-(c), to the extent that each has obligations under the Covered Provisions, nor will Defendants contact St. Joseph's Home for the Aged or its facility staff for information or interviews related to any DOH investigation regarding compliance with the Covered Provisions ("Covered Enforcement Actions"). Plaintiffs and the USA will defer filing any motion for preliminary injunction or temporary restraining order during the Covered Period so long as Defendants refrain from the Covered Enforcement Actions.

The agreement not to enforce the Covered Provisions during the Covered Period does not constitute recognition by the Defendants of the availability of any exemption under the Residents' Bill of Rights. Nor does it constitute a determination by Defendants of whether any federal constitutional provision requires an exemption from that law.

Additionally, the parties request that the Court stay the briefing schedule for Defendants' motion to dismiss until after the resolution of Plaintiffs' pending request for leave to move to summary judgment. ECF Nos. 46 and 47. The stay request is made in the interest of efficiency, given that Plaintiffs have asked the Court to align the briefing schedules for Defendants' motion to dismiss and Plaintiffs' proposed motion for summary judgment. It would also permit the alignment of briefing on the Amended Complaint and Intervenor Complaint. Although the consolidated motion is presently due to be served on September 14, Defendants' deadline to respond to the Amended Complaint under Rule 12(a) is September 21, and Defendants will likely need additional time to review and prepare a response to the amendments.

The parties have reviewed and consented to the foregoing terms and respectfully request that the Court adopt their agreement by "so ordering" it.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ Julia Busetti

Julia Busetti
Assistant Attorney General
*Attorney for Defendants*
(212) 416-8559
Julia.Busetti@ag.ny.gov

Cc: All Counsel of Record (via ECF)

[1] In so agreeing, Defendants do not concede that Governor Kathy Hochul or Attorney General Letitia James has any enforcement role with respect to the Residents' Bill of Rights.