First and Fourteenth

**Andrew Nussbaum**
Partner

First & Fourteenth PLLC

2 N. Cascade Ave., Ste 1430
Colorado Springs, CO 80903
719.428.2386
*andrew@first-fourteenth.com*

September 23, 2026

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St., Courtroom 218
White Plains, NY 10601

Re: *Dominican Sisters of Hawthorne et al. v. Hochul et al.*, No. 26-cv-02809 (NSR)

Dear Judge Román:

Pursuant to the Court's Order of September 16, 2026 (ECF No. 49), Plaintiffs respectfully submit this letter outlining the basis for their proposed motion for summary judgment and explaining why discovery is not warranted before it is filed. Plaintiffs recognize that summary judgment ordinarily follows discovery. But Rule 56 permits a motion "at any time," Fed. R. Civ. P. 56(b), and the reason for the ordinary sequence is absent here. Plaintiffs' claims rest on the text of the State's own statute and guidance. The only other material facts—Plaintiffs' religious beliefs and the practices that flow from them—are sworn, undisputed, and shielded by the First Amendment from the inquiry Defendants propose. Contrary to the requirements of Rule 56(d)(2), Defendants have yet to identify a single disputed material fact that they are entitled to discover.

**I. The Basis for the Motion: Plaintiffs' Claims Turn on the Face of the Mandate.**

The motion rests on three sets of facts. *First*, the Mandate itself: N.Y. Pub. Health Law §§ 2801(1) and 2803-c-2, Defendants' three Dear Administrator Letters, the State's training course, and form DOH-5804. FAC ¶¶ 68–89 & Exs. A–D. *Second*, Plaintiffs' status as covered facilities, which follows from Defendants' licensure of both Homes and which their stipulation confirms. *Id.* ¶¶ 25, 29, 70–71; ECF No. 49 at 3 (St. Joseph's is "a 'long-term care facility'"). *Third*, Plaintiffs' Catholic beliefs and practices, sworn to by each congregation's superior in the verified FAC, which "is to be treated as an affidavit for summary judgment purposes," *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995), and in declarations to follow.

On those facts, each count presents a question of law. Whether § 2801(1)'s exemption for facilities of religions that rely on "prayer alone for healing" prefers some denominations over others, *Larson v. Valente*, 456 U.S. 228, 244 (1982); *Catholic Charities Bureau, Inc. v. Wis. Labor & Indus. Rev. Comm'n*, 605 U.S. 238, 248–49 (2025), and whether § 2803-c-2(2)(b)'s exception for "professionally reasonable clinical judgment" is "a mechanism for individualized exemptions" or favors comparable secular conduct, *Fulton v. City of Philadelphia*, 593 U.S. 522, 533–34 (2021); *Tandon v. Newsom*, 593 U.S. 61, 62 (2021) (per curiam), are questions of statutory construction. If the answer to either is yes, "the focus then shifts to the defendant" to satisfy strict scrutiny. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 524–25 (2022). That inquiry asks whether the State has a compelling interest "in denying an exception" to these Plaintiffs while granting exceptions to others, *Fulton*, 593 U.S. at 541, and its justifications "must be genuine, not hypothesized or

invented *post hoc* in response to litigation," *Kennedy*, 597 U.S. at 543 n.8. The evidence on that question lies in Defendants' possession, not the Sisters'. The compelled-speech claims likewise turn on text: the statute scripts the required notice word for word and dictates the pronouns staff must use. § 2803-c-2(2)(a)(v), (3). And because § 2801(1)'s exemption spans all of § 2803-c-2, a ruling for Plaintiffs on that theory alone could resolve the case without reaching any other count.

**II. Discovery Is Not Warranted: Defendants Identify No Fact They Are Entitled to Discover.**

A party resisting summary judgment for want of discovery must show what facts it seeks, "how the facts sought are reasonably expected to create a genuine issue of material fact," *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994), and that they are "germane to the defense, and . . . neither cumulative nor speculative," *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016). Defendants' authorities apply that rule. In *Hellstrom*, the nonmovant needed evidence of his employer's motive for firing him; in *Elliott*, the terms of a lost contract. In each, the nonmovant had been denied any chance to test a disputed historical fact "essential to [the] opposition." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97–98 (2d Cir. 2000); *Elliott v. Cartagena*, 84 F.4th 481, 493–94 (2d Cir. 2023). Here, what lies in the movants' hands is their religious faith, and neither of the two topics Defendants name is a proper subject of discovery.

*The "very mission."* Defendants would "investigate through discovery" an issue relevant only to Plaintiffs' expressive-association claim, whether the State's training threatens "the very mission" of Plaintiffs' ministries. ECF No. 47 at 2 (quoting *CompassCare v. Hochul*, 125 F.4th 49, 53–54 (2d Cir. 2025)). But the training is Defendants' own curriculum, and the Sisters' mission and beliefs are sworn in the FAC and drawn from the published teaching of the Catholic Church. FAC ¶¶ 47–67. The two considerations *CompassCare* identifies—the responsibilities of the positions at issue and the conduct said to threaten the mission—are fixed by the statute, which reaches only staff "who work[] directly with residents" and itself prescribes the training. 125 F.4th at 61–62; § 2803-c-2(7)(a). All that remains is whether training and mission conflict, and on that question the law defers to Plaintiffs. Courts "must also give deference to an association's view of what would impair its expression." *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 653 (2000). The quantum of required judicial deference increases substantially when, as here, the mission is religious. When Philadelphia insisted that certifying foster parents did not really endorse their relationships, the Supreme Court answered that "CSS believes that certification is tantamount to endorsement," and that ended the matter. *Fulton*, 593 U.S. at 532. In this Circuit, "scrutiny extends only to whether a claimant sincerely holds a particular belief and whether the belief is religious in nature." *Jolly v. Coughlin*, 76 F.3d 468, 476 (2d Cir. 1996). Defendants have never questioned either point. Nor could they plausibly do so: these are congregations of Catholic sisters who have cared for the dying and the aged for 125 years and for more than half a century, and a court may reject a discovery request "based on speculation as to what potentially could be discovered." *Paddington*, 34 F.3d at 1138. With sincerity uncontested, nothing remains that a court, much less an adversary State, may probe.

The inquiry itself would offend the Religion Clauses. "[T]he very process of inquiry leading to findings and conclusions" may "impinge on rights guaranteed by the Religion Clauses"—in particular, "inquiry into the good faith of the position asserted by the clergy-administrators and its relationship to the school's religious mission." *NLRB v. Catholic Bishop of Chi.*, 440 U.S. 490, 502, 507-08 (1979) (finding that even inquiring regarding the frequency of Mass too entangling). "[S]crutinizing whether and how a religious [organization] pursues its . . . mission" raises "serious concerns about state entanglement with religion." *Carson v. Makin*, 596 U.S. 767, 787

(2022). Depositions of religious sisters by their own regulators on whether State-mandated instruction truly imperils their apostolate would be exactly that

*"Operations and practices."* Defendants say they are "not privy" to Plaintiffs' room assignments and staff commitments. ECF No. 47 at 2 (citing FAC ¶¶ 21–24). But Defendants do not say they doubt these sworn statements, and a "bare assertion" that the evidence is in the other side's hands "is insufficient." *Alphonse Hotel*, 828 F.3d at 151. Nor do they explain how any detail could matter. The Mandate's commands appear on its face; Plaintiffs swear that their faith forbids compliance and that they have not and will not comply. FAC ¶¶ 91–93. The question is whether the State may compel them anyway, not how many rooms Rosary Hill has. And probing the religious commitments a ministry asks of its staff, *id.* ¶ 21, again encounters the entanglement problem.

Finally, labeling the challenge "as applied," ECF No. 47 at 2, does not make it fact-bound. That distinction "goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint." *Citizens United v. FEC*, 558 U.S. 310, 331 (2010). Plaintiffs' theories rest on the statute's text; only the relief is limited to Plaintiffs. And Defendants' lone example concerns one of seven counts—no reason to bar a motion on the other six.

**III. Permitting the Motion Prejudices No One.**

Defendants "reserve the right to file an affidavit under Federal Rule of Civil Procedure 56(d)." ECF No. 47 at 2 n.3. That is the procedure the Rules prescribe, and it fully protects them. Plaintiffs' Local Civil Rule 56.1 statement will set out each material fact in a numbered paragraph with record support; Defendants may admit it, controvert it, or show by declaration why they cannot. If they make that showing as to any fact, the Court may defer that issue or allow targeted discovery. If they cannot, there is no reason for delay. A blanket objection at the threshold should not relieve Defendants of their obligation to make the specific showing the Rule requires.

Defendants maintain that the FAC should be "dismissed as a matter of law," ECF No. 47 at 2, and that discovery should be stayed while the Court decides that question, *id.* at 2 n.2. They thus ask the Court to decide the governing legal questions now and are in no hurry to take the discovery they say they need. Those questions are the same on both motions: if Defendants are right on the law, the case ends; if Plaintiffs are right, no fact Defendants have identified could change the result. Defendants' sequence—motion to dismiss, then discovery, then summary judgment—would have the Court decide the same questions twice while the Sisters' ministries continue under interim stipulations. Cross-motions allow the Court to decide them once.

Plaintiffs therefore respectfully request leave to file their motion for summary judgment, to be briefed in tandem with Defendants' motion to dismiss. We thank the Court for its consideration.

Respectfully submitted,

<u>*/s/ Andrew Nussbaum*</u>
Andrew Nussbaum
Counsel for Plaintiffs
(719) 428-2386

Cc: All Counsel of Record (via ECF)