FRESHFIELDS

New York

3 World Trade Center
175 Greenwich Street
New York, NY 10007

**Alexandra Carlton**
**T** +1 (646) 231-7026
**E** alexandra.carlton@freshfields.com

**freshfields.us**

**VIA ECF**

November 5, 2026

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601
(914) 390-4177
Courtroom 218

**RE:** ***Dominican Sisters of Hawthorne v. Hochul*, Case No. 7:26-cv-02809-NSR**
**Request for Pre-Motion Conference and Motion to File Amicus Brief**

Dear Judge Román,

Pursuant to Rule 3(A) of Your Honor's Individual Practices and Section 13.1 of the ECF Rules & Instructions, Advocates for Trans Equality ("A4TE"); The Bridge (LGBTCC), Inc. d/b/a Lower Adirondack Pride ("LAP"); Empire Justice Center; Justice in Aging; Lambda Legal Defense & Education Fund, Inc. ("Lambda Legal"); and Services and Advocacy for Gay, Lesbian, Bisexual and Transgender Elders, Inc. ("SAGE") (collectively, "Proposed Amici") respectfully request a pre-motion conference for leave to file an amicus curiae brief in the above-referenced matter in support of Defendants' motion to dismiss. If this Court waives the pre-motion conference requirement and grants this motion, Proposed Amici are prepared to file the attached proposed amicus brief.[1] Proposed Amici sought consent from Plaintiffs, Intervenor-Plaintiff, and Defendants. Plaintiffs' counsel responded that "Plaintiffs oppose amicis' participation in connection with the State Defendants' motion to dismiss as their brief addresses factual issues beyond the scope of the Court's review under Rule 12." Counsel for Plaintiff-Intervenor did not respond. Defendants' counsel stated that they take no position on Proposed Amici's request, as is their standard practice.

This case presents issues of profound importance to lesbian, gay, bisexual, transgender, and queer ("LGBTQ+") older adults, who confront discrimination and widespread mistreatment that often compel them to conceal their identities when entering long-term care. Drawing on research that informed the statutory regime challenged by Plaintiffs, Proposed Amici will explain how the law directly remedies these documented harms and advances New York's legitimate interest in ensuring equal access to non-discriminatory long-term care.

## I. Interest of Proposed Amici

Proposed Amici advocate on behalf of the LGBTQ+ older adult community in the areas of, *inter alia*, healthcare, economic security, and long-term care. A4TE works to protect the rights of

[1] No party's counsel authored the proposed amicus brief in whole or part and, apart from Proposed Amici, no person contributed money to fund its preparation or submission.

transgender people, including transgender older adults, through policy and litigation advocacy. Empire Justice Center has been committed to protecting the rights of LGBTQ+ New Yorkers for decades and effectuates its mission through dedicated projects focused on civil rights, name and gender marker changes, health, government benefits, and family law. Justice in Aging is a national organization that seeks to secure access to affordable health care and economic security for members of the older adult community with intersecting marginalized identities, including LGBTQ+ older adults. Lambda Legal is a national organization working to achieve full recognition of the civil rights of LGBTQ+ people and everyone living with HIV. LAP is an organization focused on advancing the rights, visibility, and well-being of LGBTQ+ individuals in New York's North Country through direct support services, community programming, advocacy, and education. Founded in New York City in 1978, SAGE is the world's oldest and largest organization dedicated to supporting and advocating for LGBTQ+ older adults. Each organization is committed to ensuring that LGBTQ+ older adults can age with dignity, safety, and equal access to essential health and long-term care services free from discrimination.

Proposed Amici have participated directly or filed amicus briefs in cases affecting the LGBTQ+ older adult community. *See, e.g.*, Complaint, *Facing Foster Care in Alaska v. HHS*, No. 1:21-cv-00308 (D.D.C. Feb. 2, 2021) (Lambda Legal challenging actions taken by the Department of Health and Human Services that eliminated LGBTQ+ protections affecting the older adult community); Brief for Justice in Aging et al. as Amicus Curiae Supporting Defendants-Appellees, *Taking Offense v. California*, No. S270535 (Cal. July 27, 2022) (joined by A4Te and Lambda Legal); Brief for AARP et al. as Amici Curiae Supporting Plaintiff-Appellant, *Francis v. Kings Park Manor, Inc., Corrine Downing*, No. 15-1823 (2d Cir. May 7, 2020) (joined by Lambda Legal, Justice in Aging, and SAGE). Additionally, Proposed Amici have conducted extensive research regarding the experience of LGBTQ+ older adults. Indeed, one of their publications informed the legislation that became the Lesbian, Gay, Bisexual and Transgender, and People Living with HIV Long-Term Care Facility Residents' Bill of Rights (the "Residents' Bill of Rights"), the law at issue in the above-referenced action. *See* S. Sponsor's Mem., Bill S1783A, 2023–2024 Leg., Reg. Sess., § Justification (N.Y. 2023) (citing *Nat'l Senior Citizens L. Ctr. et al., LGBT Older Adults in Long-Term Care Facilities: Stories from the Field* (2011)).[2]

## II. Basis for Motion

District courts have broad discretion to permit the appearance of amici curiae. *Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*, 2020 WL 5667181, at *8 (S.D.N.Y. Sept. 23, 2020) (quoting *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992)). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *United States v. Van Dyke*, 2026 WL 2475255, at *1 (S.D.N.Y. Aug. 24, 2026) (citing *Women for Am. First v. De Blasio*, 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020)). District courts, including the Southern District, have exercised their broad discretion in cases like this one at the motion to dismiss phase, where, as here, the proposed amici have a unique perspective and extensive experience in an area that can aid the court in its analysis. *See, e.g.*, *Doyle v. Hogan*, 2019 WL 3500924 (D. Md. Aug. 1, 2019), *rev'd on other grounds*, 1 F.4th 249

2 In 2015, National Senior Citizens Law Center changed its name to Justice in Aging. *History*, JUSTICE IN AGING, https://justiceinaging.org/history/ (last visited Oct. 1, 2026).

(4th Cir. 2021) (granting leave to file amicus brief where amici provided a "separate, experiential perspective" and "a helpful analysis of [the challenged law] as a reasonable regulation"); Order, *Bprotocol Found. v. Univ. Navigation Inc.*, No. 1:25-cv-04214-JGK (S.D.N.Y. September 4, 2025) (granting leave to file amicus brief in support of the defendants' motion to dismiss).

Proposed Amici respectfully submit that their brief will assist the Court in resolving the issues presented by Defendants' motion to dismiss. Drawing on their expertise, Proposed Amici's brief addresses: (1) the discrimination LGBTQ+ people face throughout their lives; (2) the impact of such discrimination on their health outcomes as they age; (3) the unique healthcare needs of LGBTQ+ older adults; (4) the barriers LGBTQ+ older adults face when accessing long-term care; and (5) how New York's Residents' Bill of Rights addresses New York's legitimate interest in eradicating these barriers.

Proposed Amici's request is timely and will neither delay this action nor prejudice any party. No governing standard, rule, or statute "prescrib[es] the procedure for obtaining leave to file an amicus brief in the district court." *C & A Carbone, Inc. v. County of Rockland*, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (citing *Onondaga Indian Nation v. State*, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)). Proposed Amici are prepared to file their attached proposed brief as soon as possible. Because Plaintiffs and Plaintiff-Intervenor are not scheduled to serve their opposition papers until November 18, 2026, they will be afforded nearly two weeks to review and address Proposed Amici's arguments. Consequently, there would be no disruption to the existing briefing schedule and all parties would have a full and fair opportunity to respond. *See, e.g.*, *Goldstein v. Hochul*, 2022 WL 22915988, at *2 (S.D.N.Y. Oct. 19, 2022) (finding "six days is a fair amount of time for Plaintiffs[] to respond to Defendants' opposition and the amicus brief").

**III. Conclusion**

Proposed Amici respectfully request that this Court schedule a pre-motion conference or waive the pre-motion conference and grant Proposed Amici leave to file an amicus curiae brief in the above-referenced matter.

Respectfully submitted,

*/s/ Alexandra J. Carlton*

Alexandra J. Carlton

CC: All Counsel of Record (via ECF)